## SUPREME COURT.

### WILLIAM HAMMOND agt. HENRY F. CARPENTER.

An *order* of a *county court dismissing an appeal* taken from a judgment of a justice of the peace in *summary proceedings* to recover the possession of lands, is appealable to this court (*Code*, § 344).*

Under the Code no *affidavit* need be made or served, and no *allowance of an appeal* is necessary. As the Code was in 1863, either the county judge or the justice could *approve of the security* given on appeal from the judgments of justices of the peace to the county court in civil actions.

The *approval* of the *security* given by the appellant in this case, by the *county judge*, after it had been approved by and served on the justice, by erasing the name of the justice and substituting that of the county judge, without altering the date, *held* sufficient, either under the Code or the act of 1849.

*Broome General Term.*
*Submitted January*, 1865.     *Decided May*, 1865.

*NOTE.—Section 471 declares in terms, that until the legislature shall otherwise provide, the second part of the Code, which includes section 344, shall not ·affect the Revised Statutes in reference to summary proceedings to recover the possession of land. And it was decided in *Benjamin* agt.ˈ *Benjamin* (1 *Seld*. 383), that the Code exempts such proceedings from its operation, and that the waiver of trial by jury under the Code (§ 268), has no application to cases of this nature. By an " act to amend the *Revised Statutes* in relation to summary proceedings to recover the possession of land," passed April 3, 1849, there was added to that article three sections, the second of which declares that " The proceedings before such justice may be *removed by appeal to the county court* of the county, in the same manner and with the like effect, and upon like security as appeals from the judgment of justices of the peace in civil actions, except that the decision of such county judge shall be in affirmance or reversal of such judgment, *and be final,*" &c. Section 3 states that " No appeal shall, *under this act*, be allowed, unless such security for said judgment shall be given and approved *by the judge at the time of allowing such appeal*, and served on the justice with the affidavit for appeal."ˈ The Revised Statutes were again amended in 1857, in reference to these proceedings, without any reference however to the question of appeal.

It would seem, therefore, that the only appeal authorized to be taken in these proceedings must be taken *under the act of* 1849, and such appeal is, by the act, limited to the *county court*. In other words, it is an appeal under the *Revised Statutes*, and not under the Code. And if the Revised Statutes do not authorize a review of the decision of the county court dismissing an appeal, there would seem to be no power to review. For it is hardly to be presumed that the legislature intended, in amending the Revised Statutes in reference to appeals in these special proceedings, to make the review on the *merits* final in the county court, and at the same time allow an appeal under the Code to the supreme court on an order of the county court not involving the merits.

*Present* PARKER, MASON *and* BALCOM, *Justices.*

THE plaintiff by summary proceedings recovered a judgment before a justice of the peace on the 18th day of April, 1863, that the defendant surrender the possession of a farm to the plaintiff, and also for costs.

On the 20th day of April, aforesaid, the defendant served a notice of appeal from the said judgment to the Chemung county court, on the plaintiff, and also on the justice who rendered the judgment, and at the same time he served an undertaking on the justice, and the latter then indorsed his approval on the same. On the 29th day of April, 1863, the defendant took the undertaking, or caused it to be taken from the justice, and on that day the county judge of Chemung county erased the name of the justice to the approval and signed the approval himself, which was dated the 20th day of April, 1863 ; and afterwards, on or before the 1st day of May, 1863, the defendant caused the undertaking, with the approval of the county judge thereon, to be again served on the justice.

On the 18th day of May, 1863, the plaintiff gave notice of a motion to be made before the Chemung county court for an order setting aside the defendant's appeal to that court, on the following grounds, to wit : That the appeal was irregular in that no undertaking or bond was served as required by law; that the sureties in the bond served were not approved by the county judge, or any person authorized to allow appeals to the county court; that no affidavit was served with the notice of appeal either on the justice or the respondent ; that a copy of the undertaking was not served on the respondent; that the undertaking served was after its service altered and rendered void ; that the proceedings to review the judgment of the justice should be by certiorari. The Chemung county court made an order dismissing the defendant's appeal, but without costs. The defendant appealed from that order to this court.

OSMER &· TABER, *for plaintiff.*
W. L. DAILEY, *for defendant.*

By the court, BALCOM, J. There can be no doubt but that the defendant had the right to appeal from the judgment of the justice to the county court. (*Laws of* 1849, *p.* 292, § 5, *sub.* 2; *Spraker* agt. *Cook,* 16 *N. Y. R.* 567.) The decision of the county court was not final, for that court did not either affirm or reverse the judgment of the justice. It only made an order dismissing the appeal from the judgment of the justice, and an appeal lies from that order to this court. (*Code,* § 344; *Deuel* agt. *Rust,* 24 *Barb.* 438.) This is my conclusion, notwithstanding the difficulty there is in reconciling it with section 471 of the Code.

The act of 1849 (*Laws of* 1849, *p.* 292), under which the appeal to the county court was brought, provides that the proceedings before the justice may be removed by appeal to the county court " in the same manner and with the like effect, and upon like security as appeals from the judgment of justices of the peace in civil actions." And as often as the legislature has altered the manner of appealing from the judgments of justices of the peace in civil actions, the act of 1849 has conformed to such manner, for that act is a speaking and continuing statute. Hence the Code as it existed in 1863, when the defendant appealed to the county court, prescribed the manner the appeal should be made, except so far as it was then silent on the subject where the act of 1849 speaks (*See Sedgwick on Statutory and Constitutional Law, p.* 247, *&c*).

The Code in 1863 was silent, and still is silent in one respect, concerning the security to be given by the appellant in a case like this, which is prescribed by the act of 1849, and that is when the tenant appeals, in order to stay the issuing of a warrant or execution against him by the justice, he must give security " for the payment of all rent

accruing or to accrue " upon the premises subsequent to the commencement of the proceedings before the justice. Security, by an undertaking in proper form, was given in the case, and the most important question we are to determine is whether the security was properly approved.

As the act of 1849 was passed, an appeal to the county court in a case like this, was required to be allowed by a judge upon an affidavit, and such judge was required to approve of the security. But after the passage of that act, the Code was amended so that no affidavit need be made or served, and no allowance of an appeal is necessary. And as the Code was in 1863, either the county judge or the justice could approve of the security given on appeal from the judgments of justices of the peace to the county court in civil actions (*Code*, § 356), and I am of the opinion an approval of the security in this case by either the county judge or the justice, was all that was necessary. But if Justice Birdseye was right in holding in *Deuel* agt. *Rust* (*supra*), that the security must be approved by some officer who was formerly competent to allow appeals to the county court or court of common pleas, my conclusion in the case would be the same. For I hold that the approval of the security in the case by the county judge, was sufficient according to the Code or the act of 1849.

Strictly speaking, if the security should have been approved at all by the county judge, he should have approved it before it was first served on the justice, and not subsequent to its service. But whatever irregularity there was in that respect, it did not affect the substantial rights of the plaintiff, and the Code requires that such irregularities should be disregarded. The undertaking itself was not altered, or its effect varied. The erasure of the signature of the justice to the approval on it, and the signing of the same by the county judge, did not affect the liability of those who executed the undertaking. The safer course, however, would have been for the defendant

to have permitted the approval of the justice. to stand, and then had the county judge indorse a distinct and separate approval on the undertaking. For too many approvals would not have done any harm, so long as one was correct and sufficient. I will not express an opinion on the question, whether the approval of the security by the county judge should be deemed an allowance of the appeal from the judgment of the justice.

My conclusion is, the county court erred in dismissing the appeal, and that the order of that court dismissing it should be reversed, with $10 costs.

So decided.